UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES GARRETT aka OMARI TAHIR,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SEATTLE, SEATTLE SCHOOL DISTRICT, SEATTLE BOARD MEMBERS & EMPLOYEES ON NOV. 14, 2007, et al., as individuals,<br><br>Defendants. | CASE NO. C10-215 MJP<br><br>ORDER GRANTING SCHOOL DEFENDANTS' AND CITY DEFENDANTS'MOTIONS FOR SUMMARY JUDGMENT |

This matter comes before the Court on School District Defendants' motion for summary judgment (Dkt. No. 28), City Defendants' motion for summary judgment (Dkt. No. 34), and School Districts' motion for sanctions (Dkt. No. 38.) Plaintiff has not filed a response to any of the motions. Having reviewed the motions and all related papers, the Court GRANTS both the School District Defendants' motion for summary judgment, GRANTS City Defendants' motion for summary judgment, and DENIES School District Defendants' motion for sanctions.

\\

ORDER GRANTING SCHOOL DEFENDANTS'
AND CITY DEFENDANTS'MOTIONS FOR
SUMMARY JUDGMENT- 1

**Background**

Plaintiff James Garrett ("Garrett") filed a complaint pro se against the Seattle School District, the City of Seattle, school board members, school district security officers, police officers, and Mayor Greg Nickels, based on constitutional violations, 42 U.S.C. §§ 1982-1985, the Washington Open Meetings Act and the American with Disabilities Act.

Garrett alleges school district security officer Mark Della ("Della") assaulted him when Garrett attempted to enter School District headquarters on December 5, 2007. (Compl. at 3.) Garrett had been barred from entering the John Stanford Center for Educational Excellence for one year after making abusive and threatening comments during school board meetings. (Chow Decl. Ex. C). On December 5, 2007, Garrett sought to attend another school board meeting and testify about the sale of the Colman school, his long-standing dispute with the school board. (Compl. at 2.) In short, Garrett believes the Colman school's 2001 transfer to The Seattle Urban League as opposed to Garrett's group, The African-American Heritage Museum was fraudulent. (Compl. at 2.)

Considering previous warnings given to Garrett, Della attempted to stop Garrett from entering the building. (Della Decl. ¶ 8.) When Garrett rushed the front doors, Della grabbed Garrett's coat lapels and both fell to the ground. (Id. at ¶ 8.) Seattle police officers were called and Officer Christopher Hall[1] was the first to arrive on the scene. (Hall Decl. ¶ 4). After speaking with school officials and Garrett, Officer Hall attempted to issue Garrett a Seattle Police Department Trespass Admonishment but Garrett refused to listen or accept the admonishment. (Id. at ¶ 7). Garrett stated, "[Y]ou'll have to arrest me." (Id.) Officer Hall eventually arrested Garrett and removed him from the building. (Id. at ¶ 8.) Garrett was taken to

---

[1] In his complaint, Garrett misspells Officer Hall's name as Officer Hill.

ORDER GRANTING SCHOOL DEFENDANTS'
AND CITY DEFENDANTS' MOTIONS FOR
SUMMARY JUDGMENT- 2

1  the West Precinct for arrest processing but not booked into jail.  (Compl. 4; Hall Decl. ¶ 9.)

2  Although listed in his Complaint, Garrett makes no allegations against Gary Ikeda, School

3  District General Counsel; Ronald English, Deputy General Counsel; Pegi McEvoy, head of

4  safety and security; and Greg Nickels, Seattle mayor.

## Analysis

I.    Standard

Summary judgment is not warranted if a material issue of fact exists for trial.  Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995), cert. denied, 516 U.S. 1171 (1996).  The underlying facts are viewed in the light most favorable to the party opposing the motion.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  "Summary judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The party moving for summary judgment has the burden to show initially the absence of a genuine issue concerning any material fact.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970).  Once the moving party has met its initial burden, however, the burden shifts to the nonmoving party to establish the existence of an issue of fact regarding an element essential to that party's case, and on which that party will bear the burden of proof at trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  To discharge this burden, the nonmoving party cannot rely on its pleadings, but instead must have evidence showing that there is a genuine issue for trial.  Id. at 324.

\\

\\

\\

\\

1   II.        School District Defendant's Motion for Summary Judgment

2         A.        Constitutional Claim

3                 a.    Individual School District Defendants

4         Garrett fails to assert any factual allegations against Ikeda, English, or Envoy. They are

5 DISMISSED for failure to state a claim. Della is also DISMISSED because Garrett's

6 constitutional claims are barred by qualified immunity. "The doctrine of qualified immunity

7 protects government officials 'from liability for civil damages insofar as their conduct does not

8 violate clearly established statutory or constitutional rights of which a reasonable person would

9 have known.'" Pearson v. Callahan, 129 S. Ct. 808, 815 (2009)(quoting Harlow v. Fitzgerald,

10 457 U.S. 800, 818 (1982)). "The protection of qualified immunity applies regardless of whether

11 the government official's error is a mistake of law, a mistake of fact, or a mistake based on

12 mixed questions of law and fact." Id. (quotation omitted).

13         To determine whether qualified immunity applies, the Court has discretion in applying

14 one or both steps of a two-step inquiry set out in Saucier v. Katz, 533 U.S. 194, 201 (2001).

15 Pearson, 129 S. Ct. at 818. The two-step inquiry considers whether the plaintiff has alleged a

16 violation of a constitutional right and/or whether the right at issue was "clearly established" at

17 the time of the alleged misconduct. Id. at 815-16. To be considered "clearly established" for the

18 purposes of qualified immunity, "[t]he contours of the right must be sufficiently clear that a

19 reasonable official would understand that what he is doing violates that right." Anderson v.

20 Creighton, 483 U.S. 635, 640 (1987).

21         Here, Garrett's claim against Della fails at the first inquiry: Garrett fails to allege a

22 constitutional violation under the Fourteenth Amendment. Whether a claimed right is clearly

23 established "focus[es] upon the right not in a general, abstract sense, but rather in a practical,

24

ORDER GRANTING SCHOOL DEFENDANTS'
AND CITY DEFENDANTS' MOTIONS FOR
SUMMARY JUDGMENT- 4

1 | 'particularized' sense." Moran v. State of Washington, 147 F.3d 839, 844 (9th Cir. 1998). To
2 | establish liability under the Due Process clause of the Fourteenth Amendment, the actions of the
3 | accused government official must be "so egregious, so outrageous, that it may fairly be said to
4 | shock the contemporary conscience." County of Sacramento v. Lewis, 523 U.S. 833, 849
5 | (1998).

6 |     In this case, Della physically barred Garrett from entering the John Stanford Center.
7 | (Della Decl. ¶ 8.) Della's conduct was not egregious. Garrett had been sent a letter on
8 | November 30, 2007 stating his "permission to access the John Stanford Center [was] revoked for
9 | a period of one year, beginning December 1, 2007 and ending December 1, 2008." (Chow Decl.,
10 | Ex. C.) The letter was written in response to Garrett's "repeated disregard of the [school board]
11 | rules for public testimony, [ ] pattern of disruptive conduct at Board meetings, and [ ] repeated
12 | threats of violence to the Board and District personnel." (Id.) None of Della's conduct in
13 | attempting to prevent Garret from entering the building shocked the conscience. Della is entitled
14 | to qualified immunity since Garrett fails to identify any clearly established right violated.

15 |     The Court DISMISSES all constitutional claims against individual School District
16 | Defendants for failure to state a claim and qualified immunity.

17 |        b.  School District

18 |     Garrett also sues the School District; however, he fails to allege any policy, practice, or
19 | custom, violating the U.S. Constitution. A municipal corporation is liable for constitutional
20 | violations only when an "action that is alleged to be unconstitutional implements or executes a
21 | policy statement, ordinance, regulation, or decision officially adopted and promulgated by that
22 | body's officers." Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). While
23 | Garrett seems to suggest the School District security employees are "improperly trained and
24 |

1  supervised by the [ ] unlawfully appointed School District Security Director Defendant
2  P.McEvoy," the Complaint does not allege how this failing caused a violation of his
3  constitutional rights.  Because Garrett makes no suggestion that the School District has a policy,
4  practice, or custom in violation of the Fourteenth Amendment, the Court DISMISSES
5  constitutional claims against the School District.

6        B.     42 U.S.C. § 1982 -- 1985

7       Garrett alleges School District Defendants violated § 1982 through § 1985.  Since § 1984
8  does not exist and the Court addressed Garrett's § 1983 claim above, the Court considers here
9  Garrett's § 1982 and § 1985 claims—both of which, fail.

10      Section 1982 provides "all citizens of the United States shall have the same right, in
11 every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell,
12 hold, and convey real and personal property." 42 U.S.C. § 1982.  This is clearly not applicable to
13 Garrett's allegations.  Garrett claims he was assaulted when attempting to enter the School
14 District building, not that he was barred from purchasing property.  The Court finds Garrett fails
15 to state a claim under § 1982.

16      Section 1985 prohibits conspiracies to deprive an individual of their equal protection
17 rights.  42 U.S.C. § 1985.  The statute protects non-racial groups only if "the courts have
18 designated the class in question a suspect or quasi-suspect classification requiring more exacting
19 scrutiny or . . . Congress has indicated through legislation that the class require[s] special
20 protection."  Holgate v. Baldwin, 425 F.3d 671, 676 (9th Cir. 2005)(citations omitted).

21      Here, Garrett does not allege he is part of a suspect or quasi-suspect class.  While Garrett
22 alludes to his status as a disabled veteran, the Ninth Circuit held [h]andicapped individuals are
23 not a suspect class.  Bonner v. Lewis, 857 F.2d 559, 565 (9th Cir. 1988); see also Swisher v.
24

ORDER GRANTING SCHOOL DEFENDANTS'
AND CITY DEFENDANTS'MOTIONS FOR
SUMMARY JUDGMENT- 6

1  Collins, 2008 WL 687305 at *21 (D.Idaho 2008)(finding disabled veterans were not within a
2  class protected by § 1985(3)). Even if he was within § 1985(3)'s protections, Garrett does not
3  allege any conspiracy to violate his rights based on his disability. He was not removed from the
4  school board meeting based on his status but based on his prior abusive and threatening conduct.

5  Since § 1985 does not protect disabled veterans and Garrett does not allege a meeting of
6  the minds, the Court finds Garrett has failed to state a claim under § 1985.

7      C.     Open Public Meetings Act

8  The OPMA protects the public's right to attend the meetings of governing bodies. RCW
9  42.30 et seq. A plaintiff must show (1) that a "member' of a governing body, (2) attended a
10  'meeting' of that body, (3) where 'action' was taken in violation of the OPMA, and (4) that the
11  member had 'knowledge that the meeting violated the OPMA." Eugster v. City of Spokane, 39
12  P.3d 380, 384 (Wn.App. 2002). The OPMA does not provide for a private tort action.
13  Mechanisms for private enforcement of the OPMA are limited to requesting civil penalties and
14  injunctions. RCW 42.30.120, 42.30.130 (violators "shall be subject to personal liability in the
15  form of a civil penalty in the amount of one hundred dollars").

16  Here, Garrett alleges he was barred from entering the School District building in violation
17  of OPMA and seeks one million dollars in damages. His claim fails because the OPMA provides
18  no private tort claim and Garrett has not met any of the elements for a OPMA claim. While
19  Garrett was prevented from entering the John Stanford Center, he offers no evidence that the
20  school board was actually prevented from attending a "meeting" in which officials were taking
21  "action" in violation of OPMA.

22  The Court GRANTS summary judgment and DISMISSES Plaintiff's OPMA claim.
23  \\
24

1       D.      <u>Americans with Disabilities Act</u>

2       To state a claim under the Americans with Disabilities Act ("ADA"), a plaintiff must

3 allege they were excluded or discriminated against by a public entity based on a disability. 42

4 U.S.C. § 12132. While Garrett states he is a disabled Vietnam veteran, he makes no factual

5 allegations that he was removed from the meeting due to his disability. At most, Garrett alleges

6 defendants "knew or should have known" he was a disabled veteran. Because this falls far short

7 of alleging he was discriminated against because he was a disabled veteran, the Court GRANTS

8 summary judgment and DISMISSES Plaintiff's ADA claim.

9       E.      <u>Improper Service</u>

10       The Federal Rules of Civil Procedure requires service on a local government be

11 effectuated by either delivering a copy of the summons and complaint to its chief executive

12 officer or in accordance with state law. Fed. R. Civ. P. 4(j)(2). Washington law provides that

13 service on a local governmental entity must be by personal service upon "the superintendent or

14 commissioner," or upon "an assistant superintendent, deputy commissioner, or business

15 manager." Wash. Rev. Code § 4.28.080(3).

16       Here, Garrett "left copies [of the summons and complaint] with [a] legal secretary at John

17 Stanford Center." (Dkt. No. 21.) (Estes Decl., Ex. D.) Garrett has not served the chief

18 executive officer, the superintendent, the deputy or a business manager. The Court finds this

19 does not meet Rule 4(j)(2) requirements and Garrett's complaint may be dismissed pursuant to

20 Rule 4(m). Fed. R. Civ. P. 4(m)(allowing dismissal without prejudice for failure to serve

21 defendant within 120 days after complaint is filed). Because the Court finds Garrett's claim fail

22 on the merits, however, the Court DISMISSES on other grounds.

23 \\

24

ORDER GRANTING SCHOOL DEFENDANTS'
AND CITY DEFENDANTS' MOTIONS FOR
SUMMARY JUDGMENT- 8

1   III.     City Defendant's Motion for Summary Judgment

2          A.     Constitutional Claim

3               a.   Individual City Defendants

4   Garrett fails to assert any factual allegations against Mayor Nickels. He is DISMISSED
5   for failure to state a claim. Officer Hall is also DISMISSED because Garrett's constitutional
6   claims are barred by qualified immunity.

7   As stated above, qualified immunity allows police officers "not to stand trial or face the
8   other burdens of litigation" provided their conduct did not violate a clearly established federal
9   right of the plaintiff. Brooks v. City of Seattle, 599 F.3d 1018, 1022 (9th Cir. 2010). Here,
10  Officer Hall's conduct did not violate any clearly established constitutional right and was
11  objectively reasonable. Specifically, Officer Hall's actions do not rise to the level of shocking
12  the conscience as required by the Fourteenth Amendment. Garrett states Officer Hall
13  "negligently failed to apprehend [his] assailants." (Compl. at 3.) But negligence is not sufficient
14  to meet the "shock-the-conscience" standard. Lewis, 523 U.S. at 848-49 ("[L]iability for
15  negligently inflicted harm is categorically beneath the threshold of constitutional due process.")

16  While Garrett alleges he was "kidnapped to the West Precinct [sic]," Garrett does not
17  raise a Fourth Amendment claim and there is no suggestion that Officer Hall assaulted him or
18  used excessive force. Upon arrival on the scene, Officer Hall separated Garrett and the School
19  District security officer. After hearing each version of the events, Officer Hall learned Mr.
20  Garrett had received prior written warnings to stay away from the John Stanford Center. (Hall
21  Decl. ¶¶ 4-7). When Officer Hall attempted to issue a Trespass Admonishment, Garrett refused
22  to leave without arrest. (Hall Decl. ¶¶ 8-11). None of Officer Hall's actions towards Mr. Garrett
23  "shock the conscience." They were objectively reasonable. Since Garrett provides no rebuttal to
24

1  Hall's account of the incident and his Complaint is devoid of any factual allegations to suggest
2  Officer Hall violated a clearly established constitutional right, Officer Hall is entitled to qualified
3  immunity.
4      The Court DISMISSES all constitutional claims against Mayor Nickels for failure to state
5  a claim and against Officer Hall based on qualified immunity.
6          b.  City Defendant
7      Garrett also sues the City of Seattle; however, again, he fails to allege any City of Seattle
8  policy, practice, or custom, violating the U.S. Constitution.  A municipal corporation is liable for
9  constitutional violations only when an "action that is alleged to be unconstitutional implements
10 or executes a policy statement, ordinance, regulation, or decision officially adopted and
11 promulgated by that body's officers."  Monell v. Department of Social Services, 436 U.S. 658,
12 690-91 (1978). This case arises from a single incident, i.e., Garrett's arrest on December 5, 2007.
13 Because Garrett makes no suggestion that the City Defendant has a policy, practice, or custom in
14 violation of the Fourteenth Amendment, the Court DISMISSES constitutional claims against the
15 City Defendant.
16     B.    42 U.S.C. § 1982 – 1985
17     Garrett's claims under 42 U.S.C. § 1982 – 1985 against City Defendants fail for the same
18 reasons they failed against School District Defendants.  Garrett's § 1982 claim is not applicable,
19 the § 1983 constitutional claims fail as discussed above, § 1984 does not exist, and § 1985 does
20 not protect disabled veterans nor does Garrett allege facts suggesting he was denied equal
21 protection based on his status in a suspect class.
22 \\
23 \\
24

ORDER GRANTING SCHOOL DEFENDANTS'
AND CITY DEFENDANTS' MOTIONS FOR
SUMMARY JUDGMENT- 10

1    C.    Americans with Disabilities Act

2    Garrett's ADA claim against City Defendants fails for the same reasons it failed against

3 School District Defendants.  Garrett makes no factual allegation that he was excluded or

4 discriminated against by a public entity based on his disability or service in the military.  The

5 Court finds Garrett fails to state an ADA claim.

6    D.    Improper Service

7    Garrett failed to serve City Defendants within 120 days of filing his Complaint on

8 February 4, 2010.  (Dkt. No. 4.)  While Garrett attempted to serve School District Defendants

9 (Dkt. No. 21), he failed to make any similar effort with respect to City Defendants.   The Court

10 finds Garrett has failed to properly serve City Defendants.  Because the Court finds Garrett's

11 claim fail on the merits, however, the Court DISMISSES on other grounds.

12 IV.    School District Defendants' Motion for Sanctions

13    School District Defendants seek sanctions based on Garrett's failure to respond to their

14 requests for discovery.  Under Rule 37, a party may be sanctioned for failing to obey an order to

15 provide or permit discovery.  Fed. R. Civ. P. 37(b)(2)(A).  Sanctions may include directing

16 matters embraced in the order be taken as established for purposes of the action, prohibiting the

17 party from opposing designated claims or defenses, striking pleadings, and dismissing the action

18 in whole or in part.  Id.

19    Here, it is uncontested that Garrett ignored School District Defendants' interrogatories,

20 (Dkt. No. 26), and the Court's subsequent order to compel discovery.  (Dkt. No. 37.)  From the

21 record, Garnett ignored discovery requests "'because the Court's summary judgment ruling [in a

22 separate action] was ridiculous."  (See Dkt. No. 27, Butler Decl., ¶ 4.)  While this suggests

23 Garrett willfully ignored discovery requests and there is public interest in expeditious resolution

24

ORDER GRANTING SCHOOL DEFENDANTS'
AND CITY DEFENDANTS'MOTIONS FOR
SUMMARY JUDGMENT- 11

of litigation, the Court declines to impose sanctions. Since the Court DISMISSES Garnett's action on the merits as discussed above, the Court finds no need to impose sanctions.

## Conclusion

Plaintiff has not produced a genuine issue of fact to support any of his claims. The Court GRANTS School District Defendants' and City Defendants' motions for summary judgment and DISMISSES Plaintiff's claims against School District Defendants and City Defendants. The Court DENIES School District Defendants' request for sanctions.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 9th day of February, 2011.

Marsha J. Pechman
United States District Judge

ORDER GRANTING SCHOOL DEFENDANTS'
AND CITY DEFENDANTS' MOTIONS FOR
SUMMARY JUDGMENT- 12